# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MMSP, LLC, et al., | Case No. 2:22-cv-01218-JCM-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| Minta Mae Stovall, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion for service by publication and to extend the time for service. ECF No. 154. Defendants opposed at ECF No. 155. Because Plaintiffs meet the requirements for service by publication and because good cause exists for the requested extension, the Court grants Plaintiffs' motion.

**I.  BACKGROUND**

Plaintiff MMSP is a company that provided financial and administrative services to Defendants Ms. Stovall and her trust. ECF No. 109. MMSP alleges that Ms. Stovall breached the parties' consulting services agreement as well as the parties' amended and restated secured loan agreement and promissory note. *Id.* at 6–9. MMSP further alleges that Ms. Stovall owes it over $1,000,000 for loans, advances, and services. *Id.* at 9. Ms. Stovall filed a counterclaim, in which she named Gerald Alderson, her financial planner at MMSP, as a third-party defendant and alleged claims of elder abuse, breach of fiduciary duty, conversion, and fraud against him. ECF No. 64 at 3.

As part of the discovery process, Plaintiffs conducted a deposition of Ms. Stovall. *See* ECF No. 154-1, Ex. G. At the deposition, Ms. Stovall stated that she "would have had a problem" if Susanna Pettis, her daughter, asked Mr. Alderson for money. *Id.* Based on this testimony, MMSP moved to amend its complaint to add Ms. Pettis as a defendant. ECF No. 63. MMSP

1  argued that because Ms. Pettis received money and loans from MMSP without Ms. Stovall's
2  authorization, Ms. Pettis would be liable for all or part of the allegedly stolen funds should Ms.
3  Stovall succeed on her fraud claim. ECF No. 65 at 9. This Court granted Plaintiffs' motion to
4  amend. ECF No. 106. Plaintiffs' first-amended complaint was filed on May 16, 2024. ECF No.
5  109.

6        In his declaration, Mr. Alderson stated that both Ms. Pettis and Ms. Stovall told him that
7  Ms. Pettis alternated residing at Ms. Stovall's home in Grass Valley, California, and the home of
8  Ms. Pettis' children's father, Ashok Janah, in San Francisco. ECF No. 154-1, Ex. A. On May 31,
9  2024, a process server attempted to serve Ms. Pettis with the first-amended complaint and
10  summons at the Grass Valley home. *Id.*, Ex. C. The process server noted that two cars were
11  parked near the home, but no one answered the door. *Id.* Plaintiffs attempted to serve Ms. Pettis
12  three more times at the Grass Valley home: on June 1, 2024; on June 4, 2024; and on June 7,
13  2024. *Id.* Plaintiffs then attempted to serve Ms. Pettis at the San Francisco home. *Id.*, Ex. D.
14  Plaintiffs attempted service six times here: on July 10, 2024; on July 11, 2024; on July 12, 2024;
15  on July 13, 2024; on July 15, 2024; and on July 16, 2024. *Id.* Finally, on July 30, 2024, Plaintiffs
16  directed a process server to leave a copy of the first-amended complaint and summons on the
17  doorstep of the San Francisco home. *Id.*, Ex. E. The public records search shows that, through
18  September 30, 2024, Ms. Pettis' current address was the San Francisco home, however, Mr. Janah
19  denies that Ms. Pettis has lived at his San Fransisco home in the past two years. *Id.*, Ex. B; ECF
20  No. 155 at 4. The public records search listed the Grass Valley home as Ms. Pettis' previous
21  address. ECF No. 154-1, Ex. B.

22        In early October, Plaintiffs filed proof of service with the Court. ECF No. 137. Plaintiffs
23  stated that Ms. Pettis was served by substituted service when the process server left a copy of the
24  first-amended complaint and summons at the San Francisco home, which, at the time the
25  documents were left, was the current address of Ms. Pettis according to a public records search.
26  *Id.* A few weeks later, Defendants filed a motion to dismiss the claims against Ms. Pettis. ECF
27  No. 143. They argued that the substituted service of Ms. Pettis was invalid because she did not
28  reside there at the time the documents were left. *Id.* at 1–2; ECF No. 143-1 (Declaration of

Susanna Pettis); ECF No. 143-2 (Declaration of Ashok Janah). Because the substituted service was invalid, Defendants further argued that Plaintiffs did not timely serve Ms. Pettis under Federal Rule of Civil Procedure 4(m). *Id.*

In early December, Plaintiffs moved to serve Ms. Pettis by publication. ECF No. 154. Plaintiffs maintain that Ms. Pettis was properly served by substitute service, however, they "move for an order to serve the FAC on Pettis by publication so that the issue of service can be settled definitively and this matter can move forward with all necessary and proper parties without further delay." *Id.* at 1. Defendants oppose and argue that Plaintiffs were not reasonably diligent in attempting to serve Ms. Pettis and that she is not a necessary party to this action. ECF No. 155. This Court entered its order before Plaintiffs' reply was due.

## II.   ANALYSIS

### A.   Service by Publication

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. *Id.* This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure allow for service of individuals outside of Nevada but within the United States: "A party may serve process outside Nevada, but within the United States, in the same manner as provided in Rule 4.2(a) for serving such a defendant within Nevada, or as prescribed by the law of the place where the defendant is served." Nev. R. Civ. P. 4.3(a)(1). Plaintiffs move for service by publication under the laws of California, where Ms. Pettis resides. ECF No. 154 at 4.

Section 415.50 of the California Code of Civil Procedure ("C.C.P.") permits service by publication if:

> [1] upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and . . . [2] A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

C.C.P. § 415.50(a). The Court addresses each requirement in turn.

### 1. Plaintiffs have used reasonable diligence in attempting to serve Ms. Pettis.

The general test for reasonable diligence is whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855, 859 (Cal. Ct. App. 1978). A party likely meets this test if it shows, by affidavit, that it attempted numerous times in good faith to serve the defendant. *Rios v. Singh*, 280 Cal. Rptr. 3d 404, 411 (Cal. Ct. App. 2021); *see also Rodriguez v. Cho*, 187 Cal. Rptr. 3d 227, 233 (Cal. Ct. App. 2015) ("Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'") (citation omitted). "In addition to attempting personal service, courts also require attempts to serve the defendant by at least one other method." *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 301 (S.D. Cal. 2020) (citing *Donel, Inc.*, 150 Cal. Rptr. at 855). Courts "require an exercise of reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication." *Donel, Inc.*, 150 Cal. Rptr. at 858.

Here, Plaintiffs have met the reasonable diligence requirement because they attempted personal service ten times at two different locations, conducted substitute service, and because Ms. Pettis has actual notice of the lawsuit. Plaintiffs diligently attempted to locate and serve Ms. Pettis. According to Mr. Alderson, Defendants' financial advisor, both Ms. Stovall and Ms. Pettis told him that Ms. Pettis alternated residing at Ms. Stovall's home (Grass Valley) and Mr. Janah's home (San Francisco). ECF No. 154-1, Ex. A. Mr. Alderson further stated that Ms. Pettis used the San Francisco home to receive mail and deliveries, and that he had personally delivered items to Ms. Pettis at the San Francisco home. *Id.* The public records search lists the San Francisco home as Ms. Pettis' current address and the Grass Valley home as her previous address. *Id.*, Ex. B. Moreover, bank account records and credit reporting agencies list the San Francisco home as Ms. Pettis' current address. *Id.*, Ex. H. However, Ms. Pettis and Mr. Janah both submitted declarations

stating that Ms. Pettis has not lived at the San Francisco home for at least two years. ECF No. 155-2, Ex. B.

In light of all the evidence, the declarations by Ms. Pettis and Mr. Janah do not undermine Plaintiffs' diligence in ascertaining Ms. Pettis' whereabouts and attempting service at those locations. Indeed, Plaintiffs attempted service ten times, with four of those times being at the Grass Valley home, where Ms. Pettis presumably resides. Additionally, Ms. Pettis has actual knowledge of the complaint against her. Ms. Pettis has resided and likely still resides with her mother, Ms. Stovall, who is a defendant in this action. Ms. Pettis also moved to dismiss the claims against her and to oppose the present motion. So, the concerns about notice that usually accompany service by publication are not present here. The Court now turns to the second requirement under C.C.P. § 415.50(a).

**2. A cause of action exists against Ms. Pettis.**

"An application for an order of publication must be accompanied by an affidavit stating facts from which the trial court can draw the conclusion that the plaintiff has a cause of action against the defendant." *Rios v. Singh*, 280 Cal. Rptr. 3d 404, 414 (Cal. Ct. App. 2021). The Court is familiar with Plaintiffs' arguments regarding Ms. Pettis' relation to the cause of action. As discussed above, this Court granted Plaintiffs' leave to amend to add Ms. Pettis as a party to the action.

Here, Plaintiffs attached a portion of Ms. Stovall's deposition transcript, which provides facts from which this Court can conclude that Plaintiffs have a cause of action against Ms. Pettis for conversion and equitable indemnity. ECF No. 154-1, Ex. G. According to MMSP, it advanced money to Ms. Pettis so that she could pay for Ms. Stovall's living and other expenses. ECF No. 154 at 6. Ms. Stovall was to repay this money to MMSP via their loan agreements. *Id.* Yet, at the deposition, Ms. Stovall stated that she did not authorize funds to be distributed to Ms. Pettis and that the advances were not used to pay for her living expenses. *Id.* Based on these facts, the Court can determine that MMSP has a cause of action against Ms. Pettis and that she is a necessary party to the action.

In sum, this Court will grant Plaintiffs' motion to serve Ms. Pettis by publication in accordance with C.C.P. § 415.50 and Federal Rule 4(e)(1). Service by publication is necessary given Plaintiffs' numerous attempts to serve Ms. Pettis, which she seems to have evaded. However, consistent with C.C.P. § 415.50(b)–(d), this Court will also order that Plaintiffs mail a copy of the summons and first-amended complaint to Ms. Pettis at the Grass Valley home.

### B. Extending the Time to Serve

Rule 4 provides that the plaintiff must serve the defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence, and it requires more than the mere inadvertence of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). To determine whether good cause exists, the Court can analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, the Court finds that Plaintiffs have shown good cause for their requested extension. Plaintiffs filed their first-amended complaint on May 16, 2024. ECF No. 109. The 90-day deadline for service expired on August 14, 2024. Before this date, Plaintiffs attempted service ten times at Ms. Pettis' two known addresses, as well as substituted service at her currently listed address. ECF No. 154-1, Exs. C and D. Additionally, Plaintiffs maintain that they properly effectuated service before the deadline. ECF No. 154 at 5. Thus, Plaintiffs have been diligent. The Court now turns to the three *Sheehan* factors.

The first factor weighs in favor of good cause because the record shows that Ms. Pettis received actual notice of the lawsuit. Ms. Pettis presumably resided with her mother and

defendant to this action, Ms. Stovall, for the past few years. Moreover, Ms. Pettis moved to dismiss the claims against her for untimely service and opposed the present motion.

The second factor weighs in favor of good cause because the record shows that any delay in service likely resulted from Ms. Pettis' behavior. Defendants argue that they will be prejudiced because Ms. Stovall is aging and in poor health and because Ms. Pettis will not have much time to conduct discovery. ECF No. 155 at 8. However, Ms. Pettis' behavior suggests that she is evading service. This behavior has prolonged the case, which seems to contradict Defendants' arguments surrounding Ms. Stovall's health and the discovery deadline. Plaintiffs argue that Defendants are not prejudiced because (1) Plaintiffs served Ms. Pettis via substituted service; (2) Ms. Pettis has actual notice of this action; and (3) any delay in service was a result of her gamesmanship. The Court finds these arguments persuasive.

The third factor only slightly weighs in favor of good cause because though Plaintiffs would be prejudiced by delaying their claims against Ms. Pettis, those claims would not be time barred. ECF No. 154 at 8; ECF No. 155 at 8. Given Plaintiffs' diligence, Ms. Pettis' likely evasive behavior, and the above factors, the Court finds good cause to grant Plaintiffs' requested extension. *See* Fed. R. Civ. P. 4(m). Because the Court finds that there is good cause at the first step, the Court need not advance to the second step.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion (ECF No. 154) is GRANTED.

**IT IS FURTHER ORDERED** that service of the summons and first-amended complaint in this action on Defendant Susanna I. Pettis shall be accomplished by publication in the Grass Valley Union or some other newspaper of general circulation for Nevada County, California. The publication shall be made once a week for four weeks. Service will be deemed complete four weeks from the date of the first publication.

**IT IS FURTHER ORDERED** that a copy of the summons, the first-amended complaint, and this order must be mailed to Defendant Susanna I. Pettis at Ms. Stovall's home in Grass Valley, California. Moreover, this order does not preclude service upon Defendant Susanna I. Pettis in any other manner specified in Federal Rules of Civil Procedure, Nevada Rules of Civil

Procedure, or California Code of Civil Procedure, which service supersedes the service by publication.

**IT IS FURTHER ORDERED** Plaintiffs will have an additional sixty days from the date of the entry of this order to effect service of the summons and the first-amended complaint on Defendant Susanna I. Pettis.

DATED this 23rd day of December 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE