UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MMSP, LLC, *et al.*, <br><br> Plaintiffs, <br> vs. <br><br> MINTA MAE STOVALL, *et al.*, <br><br> Defendants. | Case No.: 2:22-cv-01218-GMN-BNW <br><br> **ORDER** |

Pending before the Court is a Motion for Preferential Trial Setting, (ECF No. 164), filed by Defendants and Counter Claimants Minta Mae Stovall as an individual and Trustee of the Minta Mae Stovall Revocable Living Trust, (collectively "Stovall"). Plaintiffs and Counter Defendants MMSP, LLC and Gerald R. Alderson filed a Response, (ECF No. 172), to which Stovall filed a Reply, (ECF No. 180). Also pending before the Court is a Motion to Sever Plaintiffs' Claims, (ECF No. 165), filed by Stovall. Plaintiffs filed a Response, (ECF No. 173), to which Stovall filed a Reply, (ECF No. 181).[1]

For the reasons discussed below, the Court **DENIES** Stovall's Motion for Preferential Trial Setting and Motion to Sever.

I.          **BACKGROUND**

This case arises out of a consulting services agreement between Plaintiff MMSP and Defendant Stovall. (*See generally* First Amended Complaint ("FAC"), ECF No. 109). MMSP is a company that provided financial administrative services to Defendants Stovall and her

---

[1] Also pending before the Court are the second Responses to the Motion for Preferential Trial Setting, (ECF No. 183), and Motion to Sever, (ECF No. 182). Because Plaintiffs already filed prior Responses to both Motions, and Stovall has filed a Reply, Plaintiffs' second Responses are surreplies. Surreplies are not permitted without leave of court. Local Rule 7-2(b). The Court therefore STRIKES the Responses.

trust. (*Id.* ¶ 13). MMSP alleges that Stovall breached the parties' consulting services agreement as well as the parties' amended and restated secured loan agreement and promissory note. (*Id.* ¶ 25). MMSP further alleges that Stovall owes it over $1,000,000 for loans, advances, and services. (*Id*. ¶¶ 42–43). Stovall filed a Counterclaim, in which she named Gerald Alderson, her financial planner at MMSP, as a third-party defendant. (*See generally* Answer and Counterclaim, ECF No. 116). Stovall alleged counterclaims for elder abuse, breach of fiduciary duty, conversion, and fraud against the Counter Defendants. (*Id*.).

Plaintiffs sought leave to amend their original Complaint in October of 2023 to name Susanna Pettis, Ms. Stovall's daughter, as a Defendant. (*See generally* Mot. Leave to Amend, ECF No. 63). The Motion was granted on May 10, 2024, (Order, ECF No. 106), and Plaintiffs' FAC was filed on May 16, 2024, (FAC, ECF No. 109). On December 4, 2024, Plaintiffs filed a Motion for Publication of Summons after more than ten attempts to serve Pettis had been made over the course of several months beginning in May. (Exs. C, D, and H to Mot. Publication, ECF No. 154-1). The Court granted Plaintiffs' motion for publication on December 23, 2024, noting that "the record shows that any delay in service likely resulted from Ms. Pettis' behavior . . . Ms. Pettis' behavior suggests that she is evading service." (Order 7:3–7, ECF No. 156). Plaintiffs filed their third Motion to Modify the Joint Discovery Plan and Scheduling Order on January 12, 2025, (Mot. Modify, ECF No. 160), which the Court granted in part and denied in part on February 4, 2025, (Min. Order, ECF No. 177).

**II.         DISCUSSION**

Stovall requests that the Court sever Plaintiffs' claims against Pettis and expedite trial for the claims by and against Stovall within 120 days. (*See generally* Mot. Sever, ECF No. 165); (Mot. Preferential Trial Setting, ECF No. 164). Both Motions are made on the basis of promoting judicial economy and preventing prejudice to Stovall, an 83-year-old woman in deteriorating health. (*Id.*). Stovall argues that this case has been pending for over two and a

half years, and any further delays would prejudice her interests. (Mot. Preferential Trial Setting 4:8–18). Stovall's health conditions include chronic obstructive pulmonary disease, coronary artery disease, and other serious ailments necessitating the use of a wheelchair and caretaker. (*Id.* 5:13–16). She is facing claims from Plaintiffs for over a million dollars, while she has asserted counter claims for over $7,000,000. (*Id.* 7:26–28).

In her Motion for Preferential Trial Setting, Stovall argues that there is good cause to expedite the trial under 28 U.S.C. § 1657(a) due to her age and health. (*Id.* 7:4–8:7). She further explains that a preferential trial setting would be consistent with the requirements for a preferential trial setting under both California and Nevada law. (*Id*. 8:8–9:16). In her Motion to Sever, Stovall argues that Plaintiffs added Pettis and then failed to attempt to serve Pettis for several months. (Mot. Sever 4:9–8). Plaintiffs sought an additional six months of discovery into their claims against Pettis, which Stovall asserts is another attempt to delay this case. (*Id*. 4:14–17). Stovall contends that the Court should sever the claims against Pettis under Federal Rule of Civil Procedure ("FRCP") 21 because severing the claims would promote judicial economy and avoid prejudice against Stovall. (*Id*. 7:19–10:2).

The Court is not convinced that the claims should be severed, nor that the trial should be expedited.[2] Proceeding to trial in 120 days would prejudice Plaintiffs because the claims against Pettis arise out of the same transaction or occurrence as the claims against Stovall, and because the delay in this case has been largely caused by Stovall and Pettis.

FRCP Rule 21 authorizes courts to sever claims in the interest of justice to further the prompt and efficient disposition of litigation. Fed. R. Civ. P. 21; *Bain v. Cal. Teachers Ass'n*,

---

[2] Plaintiffs first argue that 28 U.S.C § 1657(a) does not apply here because this case does not present a federal question. (Resp. Mot. Preferential Trial Setting 5:11–6:24). The Court need not consider this argument, however, because it does not find that there is good cause to expedite the trial regardless. Plaintiffs also argue that California and Nevada law do not apply here. The Court agrees that the Court's decision is governed only by federal procedure under *Erie R. Co v. Tompkins*, 304 U.S. 64, 78 (1938).

891 F.3d 1206, 1215 (9th Cir. 2018).  "[A] finding of misjoinder is not a prerequisite to severing parties or claims under Rule 21." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 560 n.5 (1st Cir. 2003).  Courts in this district have considered the following factors when deciding whether to sever a claim under Rule 21: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Anticancer, Inc. v. Pfizer Inc.*, No. 11CV107 JLS RBB, 2012 WL 1019796, at *1 (S.D. Cal. Mar. 26, 2012).

Upon consideration of these factors, the Court finds that severance is not appropriate in this case.  The first factor weighs against severance because Plaintiffs' claims against Pettis and Stovall arise out of the same transaction or occurrence.  Plaintiffs' claims against Stovall seek to recover money that they loaned to Stovall. (FAC ¶¶ 13–21).  As a part of that loan, Plaintiffs gave money to Pettis because Pettis said that Stovall had authorized her to take money for Stovall's benefit. (*Id.* ¶¶ 22–24).  Thus, both sets of claims arise out of the loan agreement between Plaintiffs and Stovall.

As to the remaining factors, there are overlapping questions of law and fact between the claims—namely, whether Stovall gave Pettis the authority to take money from MMSP.  Given the overlap of the claims, the Court is not convinced that judicial economy would be furthered by severance because it would possibly require multiple trials involving the same evidence and witnesses.  Thus, the second, third, and fifth factors also weigh against severance.  Lastly, the Court agrees with Plaintiffs that severance of these claims would prejudice them by requiring them to spend additional time and money litigating the overlapping claims separately. Furthermore, because the claims are related, the possibility of inconsistent rulings resulting from severed claims could further result in prejudice to Plaintiffs.

While the Court sympathizes with Stovall's condition, it is not compelled to expedite trial because doing so would cause undue prejudice to Plaintiffs. It appears that much of the delay in this case has been due to Stovall's actions and Pettis' evading service for eight months. (Resp. Mot. Preferential Trial Setting 2:13–4:17). Plaintiffs began attempting to personally serve Pettis at the two addresses where she resides within days of filing the amended complaint, but Pettis avoided the more than ten attempts to serve her. (*Id.* 9:12–14); (Process Server Report, Ex. C to Mot. Publication, ECF No. 154-1). It appears that Stovall assisted Pettis in evading service, since several of the service attempts on Pettis were made at Stovall's home, where Pettis is known to live. (Resp. Mot. Preferential Trial Setting 8:25–9:2); (Order 7:3–7, ECF No. 165). Plaintiffs further contend that Pettis' actions led to the cancellation of a deposition scheduled on January 29, 2025, forcing Plaintiffs to seek additional time for discovery. (Resp. Mot. Preferential Trial Setting 4:18–5:8). Because it appears that Defendants have been responsible for much of the delay in this case, Plaintiffs would be unfairly prejudiced by an expedited trial timeline due to delay they did not cause.

In sum, the Court finds that the claims against Stovall and Pettis are not separate such that severance would be appropriate in this case, and thus there is not good cause to expedite the trial on the claims by and against Stovall. The Court therefore DENIES Stovall's Motion for Preferential Trial Setting and Motion to Sever.

///
///
///
///
///
///
///

## V. **CONCLUSION**

**IT IS HEREBY ORDERED** that Stovall's Motion for Preferential Trial Setting, (ECF No. 164), is **DENIED.**

**IT IS FURTHER ORDERED** that Stovall's Motion to Sever, (ECF No. 165), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Responses, (ECF Nos. 182, 183), are **STRICKEN**.

**DATED** this __11__ day of February, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT