CARLETON R. BURCH, ESQ.
Nevada Bar No. 10527
crb@amclaw.com
VINCENT JOHN JAMES ROMEO, ESQ.
Nevada Bar No. 9670
vjjr@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
601 S. Seventh Street
Las Vegas, NV 89101
Telephone: (702) 479-1010
Facsimile: (702) 479-1025

JANET E. HUMPHREY, ESQ. (admitted pro hac vice)
California Bar No. 149031
jhumphrey@srchlaw.com
WILLIAM D. COFFEE, ESQ. (admitted pro hac vice)
California Bar No. 143653
bcoffee@srchlaw.com
THUY NGUYEN, ESQ. (admitted pro hac vice)
California Bar No. 327586
tnguyen@srchlaw.com
RANDALL COFFEE & HUMPHREY LLP
3200 Park Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (949) 757-1600
Facsimile: (949) 757-1613

Attorneys for Defendants and Counter Claimants,
MINTA MAE STOVALL, an individual
and MINTA MAE STOVALL Trustee of the
Minta Mae Stovall Revocable Living Trust

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CLARK COUNTY, NEVADA**

| | |
|---|---|
| MMSP LLC, a Nevada Limited Liability Company, and GERALD R. ALDERSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MINTA MAE STOVALL, an individual; MINTA MAE STOVALL, Trustee of the Minta Mae Stovall Revocable Living Trust; and SUSANNA I. PETTIS, an individual,<br><br>Defendants. | **Case No.: 2:22-cv-01218-GMN-MDC**<br><br>**STIPULATION REGARDING DISCOVERY DISPUTE** |

|   |   |
|---|---|
| 1 | MINTA MAE STOVALL, an individual and |
| 2 | MINTA MAE STOVALL, Trustee of the Minta Mae Stovall Revocable Living Trust, |
| 3 | Counterclaimants, |
| 4 | v. |
| 5 | MMSP, LLC, a Nevada Limited Liability Company, GERALD R. ALDERSON, an |
| 6 | individual, and DOES 1-20 & ROES 1-20, |
| 7 | Counter Defendants. |

Pursuant to the Honorable Magistrate Judge Maximiliano D. Couvillier III's Standing Order (Section II, B), Defendants and Counter Claimants Minta Mae Stovall, an individual, and Minta Mae Stovall Trustee of the Minta Mae Stovall Revocable Living Trust ("Stovall"), and Plaintiffs and Counter Defendants Gerald R. Alderson ("Alderson") and MMSP LLC ("MMSP") (collectively "Plaintiffs") hereby submit this joint Stipulation Regarding Discovery Dispute.

## I.    SUMMARY OF DISCOVERY DISPUTE

The parties agree that there is approximately one hour left for Plaintiffs' deposition under Federal Rule of Civil Procedure 30(d)(1)'s presumptive seven-hour limit. Stovall now seeks to complete the final hour of Plaintiffs' deposition - Stovall is not requesting additional time beyond the seven (7) hour limitation at this time.

Plaintiffs' position is that the plain language of Nevada Revised Statues § 41.660 clearly and unequivocally provides all discovery is stayed pending resolution their Special Motion to Dismiss Defendant and Counterclaimant Susanna I. Pettis' ("Pettis") Counterclaim pursuant to Nevada Revised Statute 41.660, i.e. Nevada's anti-SLAPP statute ("Anti-SLAPP Motion") (ECF No. 196) and that the only authority Stovall has presented to show otherwise is uncompelling for a variety of reasons.

Stovall's position is that the only discovery that could possibly be stayed in this case is discovery relating to the claim that is the subject of Plaintiffs' Anti-SLAPP Motion, which is Pettis' sole claim for Abuse of Process against Plaintiffs (*ProCare Hospice of Nevada, LLC v. OneCare*

*Hospice, LLC*, 340 F.R.D. 174, 178 (D. Nev. 2021)), and that discovery relating to the claims alleged between Stovall and Plaintiffs is *not* stayed. Therefore, there is no justification for Plaintiffs' refusal to appear for their deposition.

## II.   SUMMARY OF MEET AND CONFER EFFORTS

The parties have made a good faith effort to resolve this discovery dispute as follows:

On May 1, 2025, one week before the second session of Plaintiffs' deposition was scheduled to take place as noticed by Stovall, Plaintiffs' counsel cancelled the deposition set for May 8, 2025, as the parties had agreed. Specifically, Plaintiffs' counsel, Hillary A. Lehmann, Esq. stated as follows:

> "As you have likely seen, MMSP and Mr. Alderson filed an anti-SLAPP motion on Tuesday. Nevada's anti-SLAPP law provides that discovery is automatically stayed upon the filing of an anti-SLAPP motion pending a ruling by the court on the motion and the disposition of any appeal from the ruling on the motion. Accordingly, discovery in this matter is stayed and Mr. Alderson's deposition set for next week will not proceed."

In response, Stovall's counsel, Thuy Nguyen, Esq., stated that the filing of Plaintiffs' Anti-SLAPP Motion provided no basis for Plaintiffs to refuse to attend their deposition:

> "The law is clear that Nevada's anti-SLAPP law does not result in a stay of all discovery in a case upon the filing of an anti-SLAPP motion. *ProCare Hospice of Nevada, LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 179 (D. Nev. 2021) ("Accordingly, the Court finds that the discovery stay provision in Nevada's anti-SLAPP law (N.R.S. 41.660(3)) applies only to claims challenged in the underlying special motion to dismiss"). The only claim at issue in your clients' anti-SLAPP motion is Pettis' claim for Abuse of Process. Thus, discovery relating to the claims between MMSP/Alderson and Stovall is clearly not stayed which includes the deposition of Alderson scheduled for next week as the deposition was noticed by our office and will only concern the claims between MMSP/Alderson and Stovall.

1  Accordingly, we intend to proceed with Alderson's deposition set on May 8, 2025."

Thereafter, on June 4, 2025, at approximately 12:05 p.m., Stovall's counsel, Thuy Nguyen, Esq. and Plaintiffs' counsel, Craig Kisylia, Esq., engaged in further meet and confer efforts via telephone conference. During the conference, counsel discussed their respective positions, which largely remained as detailed above but included an explanation by Plaintiffs' counsel that, because of Pettis' stated intention of participating in the remaining one hour of Plaintiffs' deposition and joining a motion for additional time, and because of the lack of clarity on how much additional time would be sought, Plaintiffs could not agree to move forward with the deposition regardless of whether the stay was imposed by statute. Subsequently, Stovall's counsel stated that in addition to the one hour remaining for Plaintiffs' deposition, counsel would need one additional hour of deposition time from Plaintiffs given that Alderson failed to adequately prepare for his deposition as the PMK for MMSP and was unable to respond to numerous questions as the PMK during the first session of Plaintiffs' deposition. However, at this time, Stovall is not seeking any additional deposition time from Plaintiffs beyond the one hour remaining. Additional correspondence followed with counsel confirming that their respective positions remained unchanged.

Based on the foregoing, counsel for the parties hereby certify that despite a sincere effort to resolve this dispute through both telephone conference and email correspondence, the parties were unable to resolve the dispute without court intervention.

## III. POSITION TAKEN BY EACH SIDE

### A. Stovall's Position

Stovall seeks to take the second session of Plaintiffs' deposition to obtain critical testimony regarding the claims alleged between Plaintiffs and Stovall. Plaintiffs' position that their deposition should not go forward because all discovery in this matter is stayed due to the filing of their Anti-SLAPP Motion is utterly without merit. Although Nevada Revised Statute 41.660 provides that discovery is stayed when an anti-SLAPP motion is filed, the law is clear that the stay of discovery pertains only to **specific claims challenged in the anti-SLAPP motion.** *ProCare Hospice of Nevada, LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 178 (D. Nev. 2021) ("Accordingly, the Court finds

1  that the discovery stay provision in Nevada's anti-SLAPP law (N.R.S. 41.660(3)(e)) applies only to
2  claims challenged in the underlying special motion to dismiss.")

3     Here, Plaintiffs' Anti-SLAPP Motion pertains only to Pettis' sole claim for Abuse of
4  Process as alleged against Plaintiffs.  Therefore, the only discovery that could possibly be stayed in
5  this case is discovery relating to Pettis' Abuse of Process claim.  There is absolutely no reason why
6  discovery relating to the claims between Plaintiffs and Stovall would also be stayed, and therefore
7  there is no justification for Plaintiffs' refusal to appear for their deposition as noticed by Stovall.
8  Moreover, Stovall has only approximately one (1) hour of testimony time remaining to depose
9  Plaintiffs and intends to use that limited time to only question Plaintiffs about the claims alleged
10 between Plaintiffs and Stovall.  Stovall is not seeking any additional testimony time to depose
11 Plaintiffs beyond the one (1) hour she has remaining at this time.

12    It appears that Plaintiffs' position that all discovery is stayed is simply a bad faith tactic
13 to prevent Stovall from completing discovery in this case.  In March 2025, the parties engaged in meet
14 and confer efforts to schedule the second session of Plaintiffs' and Stovall's depositions, and the
15 deposition of Pettis.  Critically, these meet and confer efforts took place at a time when Plaintiffs were
16 aware that Pettis had sued them for Abuse of Process.  The parties agreed Stovall's and Pettis'
17 depositions would take place during the week of April 14, 2025 in Grass Valley, California.  Stovall's
18 counsel requested the second session of Plaintiffs' deposition also take place that week in Grass Valley
19 where all parties and their counsel would be present.  Inexplicably, Plaintiffs' counsel refused,
20 insisting that Plaintiffs be deposed on May 8, 2025 in Reno, Nevada which undoubtedly created more
21 expense.  Thus, based on counsel's representation, Stovall noticed the second session of Plaintiffs'
22 deposition for May 8, 2025.  Thereafter, Stovall and Pettis both appeared for their depositions as
23 agreed.  Then, *after* Plaintiffs completed the depositions of Stovall and Pettis, on April 29, 2025,
24 Plaintiffs filed their Anti-SLAPP Motion and subsequently cancelled their deposition on the grounds
25 that all discovery had been stayed.

26    Pursuant to the Court's Scheduling Order, all discovery in this matter must be
27 completed by **August 1, 2025**.  (ECF No. 177)  Stovall intends to meet this deadline.  She is now
28 eighty-four (84) years old and must get to trial as soon as possible.

### B. <u>Plaintiffs' Position</u>

The Nevada Revised Statues provide that if a special motion to dismiss is filed under NRS 41.660, *et seq.*, "the court shall…[e]xcept as otherwise provided in subsection 4, stay discovery pending: (1) A ruling by the court on the motion; and (2) The disposition of any appeal from the ruling on the motion." NRS 41.660(3)(e). Subsection 4 identifies the only exception to, or limitation on, the statutorily mandated stay, stating that "[u]pon a showing by a party that information necessary to meet or oppose the burden pursuant to paragraph (b) of subsection 3 is in the possession of another party or a third party and is not reasonably available without discovery, the court shall allow limited discovery for the purpose of ascertaining such information." NRS 41.660(4).

The plain language of Nevada's anti-SLAPP statute is unequivocal: all discovery is stayed pending resolution of a special motion to dismiss and the outcome of any appeal. The statute offers no room for selective interpretation, piecemeal application or additional exceptions.

Moreover, the sole authority upon which Stovall relies, *ProCare Hospice of Nevada, LLC v. OneCare Hospice, LLC* (Case No. 2:21-CV-00417), is uncompelling for several reasons.

First, the *ProCare* order acknowledged that "federal courts interpret an anti-SLAPP statute by first looking to pronouncements of the state's highest court." Yet, the District Court cited no Nevada Supreme Court (or any other court) precedent demonstrating any statutory basis to read an exception into NRS 41.660 that was not included by the Legislature.

Second, the *ProCare* order took issue with the position that a state's legislature can control the manner in which federal claims are litigated in federal court. However, this issue is not applicable here, as each and every claim and counterclaim asserted by the parties in this action is based on state law. *See* ECFs Nos. 109, 116, and 191.

Third, the *ProCare* order relied on decisions interpreting anti-SLAPP statutes enacted by Oregon and California. Oregon's and California's discovery stay provisions provide a mechanism to resume general discovery while an anti-SLAPP motion is pending. In comparison, Nevada's anti-SLAPP statute strictly limits any discovery that may be permitted during a stay under Nevada's anti-SLAPP statute to matters directly tied to the pending anti-SLAPP motion. If the Nevada Legislature intended to allow broader relief from the complete discovery stay mandated by NRS 41.660(3)(e), it

had ample opportunity to do so – especially considering the more permissive models in California and Oregon were enacted prior to the latest amendment to NRS 41.660. The Nevada Legislature chose not to do so. It adopted a single narrow exception, which does not apply here.

Fourth, the *ProCare* order relied on analyses of motions for stays of discovery (as opposed to statutorily mandated stays like the one found in Nevada's anti-SLAPP statute) pending motions *other than* special motions to dismiss for guidance as to how to reinterpret the unambiguous text of Nevada's anti-SLAPP discovery stay provision. The scope of a discovery stay imposed by the Nevada Legislature is defined by the Legislature's words, not by analogy to Federal Rules of Civil Procedure.

Moreover, the parties agree that there is just one hour left for Plaintiffs' deposition. Stovall should not be entitled to monopolize all of the time available, which would leave Pettis without the opportunity to discover her counterclaim (if Plaintiffs' 12(b)(6) motion to dismiss or special motion to dismiss her counterclaim are denied) and defenses against Plaintiffs' claims[1] in the absence of a clear statement by Pettis permitting Stovall to consume the last of the time available for Plaintiffs' deposition. In addition, both Stovall and Pettis have indicated that they intend to seek more time to depose Plaintiffs. Whether Stovall and Pettis are entitled to addition time should be decided before Plaintiffs' deposition goes forward to avoid forcing Plaintiffs to sit for a third, fourth, or even fifth deposition.

Stovall's effort to portray the timing of Plaintiffs' Anti-SLAPP Motion as specifically calculated to avoid their deposition is without merit. Despite Plaintiffs' expectation that their Anti-SLAPP Motion would be ruled on within 20 judicial days as provided for in NRS 41.660(3)(f), it remains pending over 70 days after it was filed. This means that had MMSP filed its special motion to dismiss on March 9, 2025 – just two days after Pettis filed her counterclaim, the May 8, 2025, deposition would still have been postponed as a result of Nevada's anti-SLAPP discovery stay provision.

/ / /

---

[1] Stovall took six hours of Plaintiffs' deposition on June 19, 2023, over a year and seven months before Pettis appeared in the case.

## IV. PROPOSAL OF COMPROMISE BY EACH SIDE

### A. Stovall's Proposal

Stovall is entitled to complete her deposition of Plaintiffs. Pursuant to the Court's Scheduling Order, all discovery in this matter must be completed by August 1, 2025. Therefore, Plaintiffs should agree to appear for their deposition before the August 1, 2025 deadline. Stovall does not agree to extend the deadline to complete fact discovery but proposes that the deadline to complete expert discovery be extended by thirty (30) days to September 1, 2025.

### B. Plaintiffs' Proposal

Since all discovery is stayed pending the resolution of Plaintiffs' Anti-SLAPP Motion pursuant to NRS 41.660(3)(e), Plaintiffs propose that the August 1, 2025 discovery deadline be continued to October 31, 2025. This extension will allow the Court to rule on Plaintiffs' Anti-SLAPP Motion, thereby putting this issue to rest, give the parties an opportunity to coordinate regarding their respective needs for additional deposition time, and provide time to complete the remaining fact and expert depositions.

Dated: July 16, 2025

LUBIN OLSON & NIEWIADOMSKI LLP

By   /s/ Hillary A. Lehmann
Richard E. Elder
Nevada Bar No. 15727
Hillary A. Lehmann (admitted pro hac vice)
Attorneys for Plaintiffs and Counter-Defendants
MMSP, LLC and GERALD R. ALDERSON

Dated: July 16, 2025  RANDALL COFFEE & HUMPHREY LLP

By _____
JANET E. HUMPHREY (admitted pro hac vice)
California Bar No. 149031
WILLIAM D. COFFEE (admitted pro hac vice)
California Bar No. 143653
THUY NGUYEN (admitted pro hac vice)
California Bar No. 327586
3200 Park Center Drive, Suite 950
Costa Mesa, California 92626
Attorneys for Defendants and Counter Claimants
MINTA MAE STOVALL, an individual and
MINTA MAE STOVALL Trustee of the Minta
Mae Stovall Revocable Living Trust

# PROOF OF SERVICE
*MMSP, LLC v. Minta Mae Stovall, et al.*
USDC, District of Nevada, Northern Division Case No. 2:22-cv-01218-JCM-BNW

I am employed in the County of Orange, State of California, over the age of eighteen years, and not a party to the within action. My business address is Randall Coffee & Humphrey LLP, 3200 Park Center Drive, Suite 950, Costa Mesa, California 92626 and my email address is jnelson@srchlaw.com.

On **July 16, 2025**, I served the foregoing copy of the document(s) described as **STIPULATION REGARDING DISCOVERY DISPUTE** as follows:

☒ **By Electronic Service –CM/ECF**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **By Mail**: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Randall Coffee & Humphrey LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

☐ **By E-Mail Or Electronic Transmission**: I caused a copy of the document(s) to be sent from e-mail address jnelson@srchlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**SEE ATTACHED SERVICE LIST**

☒ I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court as those direction the service was made.

Executed on **July 16, 2025**, at Costa Mesa, California.

*/s/ Julie Nelson*
Julie Nelson

**SERVICE LIST**
*MMSP, LLC v. Minta Mae Stovall, et al.*
USDC, District of Nevada, Northern Division Case No. 2:22-cv-01218-JCM-BNW

| | |
|---|---|
| Scott L. Rogers, Esq.<br>MITCHELL ROGERS<br>2020 W. Sunset Road<br>Henderson, NV 89014 | Telephone No.: (702) 702-2622<br>Facsimile No.: (702) 505-8860<br>E-Mail:<br>scott@mriattorney.com<br>margo@mriattorney.com<br>winde@mriattorney.com<br><br>Attorneys for Plaintiff and Counter Defendant MMSP, LLC, a Nevada LLC and 3rd Party Defendant and Counter Defendant Gerald R. Alderson, an individual |
| Richard E. Elder, Esq.<br>Hillary Lehmann, Esq.<br>Cheryl Bower<br>Tracy Wilson<br>LUBIN OLSON & NIEWIADOMSKI LLP<br>Transamerica Pyramid<br>600 Montgomery Street, 14th Floor<br>San Francisco, CA 94111 | Telephone: (415) 981-05 50<br>Facsimile: (415) 981-4343<br>E-Mail:<br>relder@lubinolson.com<br>hlehmann@lubinolson.com<br>cbower@lubinolson.com<br>twilson@lubinolson.com<br><br>Attorneys for Plaintiff and Counter Defendant MMSP, LLC, a Nevada LLC and 3rd Party Defendant and Counter Defendant Gerald R. Alderson, an individual |
| Carleton R. Burch, Esq.<br>Vincent John James Romeo, Esq.<br>Maria Collins<br>ANDERSON, MCPHARLIN & CONNERS LLP<br>601 S. Seventh Street<br>Las Vegas, NV 89101 | Telephone: (702) 479-1010<br>Facsimile: (702) 479-1025<br>Email:<br>crb@amclaw.com<br>vjjr@amclaw.com<br>mpc1@amclaw.com<br><br>Co-counsel for Defendants and Counter Claimants, MINTA MAE STOVALL, an individual and MINTA MAE STOVALL Trustee of the Minta Mae Stovall Revocable Living Trust |
| Mark T. Lounsbury, Esq<br>Michael R. Brooks, Esq.<br>GHIDOTTI \| BERGER LLP<br>7251 W. Lake Mead Blvd., Ste. 470<br>Las Vegas, NV 89128 | Telephone: (949) 427-2010<br>Facsimile: (949) 427-2732<br>Email:<br>mlounsbury@ghidottiberger.com<br>mbrooks@ghidottiberger.com<br><br>Attorneys for Defendant and Counterclaimant Susanna I. Pettis |

RANDALL COFFEE & HUMPHREY LLP
3200 PARK CENTER DRIVE, SUITE 950
COSTA MESA, CALIFORNIA 92626
TELEPHONE (949) 757-1600
FACSIMILE (949) 757-1613