Scott L. Rogers
Nevada Bar No. 13574
MITCHELL ROGERS
2020 W. Sunset Road
Henderson, Nevada, 89014
Telephone: (702) 702-2622
Facsimile: (702) 505-8860
Email: Scott@mitchellrogerslaw.com

Richard E. Elder
Nevada Bar No. 15727
Hillary A. Lehmann *(Pro Hac Vice)*
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone:    (415) 981-0550
Facsimile:    (415) 981-4343
Email: relder@lubinolson.com
        hlehmann@lubinolson.com

Attorneys for Plaintiffs and Counter-Defendants
MMSP, LLC and GERALD R. ALDERSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, NORTHERN DIVISION

| | |
|---|---|
| MMSP, LLC, a Nevada Limited Liability Company, and Gerald R. Alderson, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MINTA MAE STOVALL, an individual, and MINTA MAE STOVALL, TRUSTEE of the MINTA MAE STOVALL REVOCABLE LIVING TRUST; and, SUSANNA I. PETTIS, an individual,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTER-CLAIMS. | Case No. 2:22-cv-01218-GMN-MDC<br><br>**STIPULATION REGARDING DISCOVERY DISPUTE** |

　　　　Pursuant to the Honorable Magistrate Judge Maximiliano D. Couvillier III's Standing Order (Section II, B), Plaintiffs and Counter Defendants Gerald R. Alderson ("Alderson") and MMSP LLC ("MMSP") (collectively "Plaintiffs") and Defendants and Counter Claimants Minta

Mae Stovall, an individual, and Minta Mae Stovall Trustee of the Minta Mae Stovall Revocable Living Trust ("Ms. Stovall") hereby submit this joint Stipulation Regarding Discovery Dispute.

## I.    SUMMARY OF DISCOVERY DISPUTE

Plaintiffs seek an extension of the time to depose Ms. Stovall beyond the presumptive seven-hour limit set forth in Rule 30 of the Federal Rules of Civil Procedure ("FRCP"). Plaintiffs seek three hours of additional deposition time.

Plaintiffs' position is that good cause to extend the time to depose Stovall exists because (1) this is a complex dispute that relates to financial transactions spanning twenty years which are reflected in thousands of documents, (2) Stovall has given inconsistent testimony in her two depositions regarding whether she admits to signing several key documents, and (3) Stovall's prior depositions were hindered by her repeated failures to respond and her delayed responses to simple questions.

Ms. Stovall's position is Plaintiffs have failed to demonstrate good cause to extend the statutory time period for depositions. In fact, Plaintiffs' request serves no legitimate purpose and is designed for no reason other than to harass Ms. Stovall and delay this matter. Plaintiffs' request must be denied for the following reasons: 1) forcing Ms. Stovall to sit for another deposition would be extremely burdensome given that she is eighty-four (84) years old and suffers from multiple serious health conditions, and is the victim of several crimes committed by Alderson; 2) Ms. Stovall has already sat for deposition on three (3) separate occasions, and another deposition session would be unreasonably duplicative; 3) Plaintiffs do not need a further deposition with Ms. Stovall where it was Plaintiffs, not Ms. Stovall who orchestrated all of the fraudulent transactions at issue in this case and therefore Plaintiffs have all the information, not Ms. Stovall; and 4) Plaintiffs' counsel wasted time during the prior sessions of Ms. Stovall's deposition asking irrelevant and harassing questions and therefore should not be granted any additional time. Thus, Plaintiffs' request must be denied.

## II.    SUMMARY OF MEET AND CONFER EFFORTS

The parties have made a good faith effort to resolve this discovery dispute as follows:

On Monday, July 14, 2025, at approximately 11:45 a.m., Plaintiffs' counsel, Craig A.

Kisylia, called Ms. Stovall's counsel, Thuy Nguyen, to discuss, among other things, Plaintiffs' request for additional time to depose Ms. Stovall. This request for additional time had already been made by Plaintiffs' counsel and rejected by Ms. Stovall's counsel via email.

During the July 14, 2025, phone call, Mr. Kisylia explained that good cause to extend the deposition of Ms. Stovall exists because the action is based on a complex financial relationship that spanned over 20 years and was memorialized in extensive documentation. Plaintiffs' counsel also pointed out that during Ms. Stovall's depositions, she required counsel to repeat his questions numerous times before providing a response and that, during her second deposition, Ms. Stovall contradicted testimony offered during her first deposition regarding whether she signed material documents.

In response, Ms. Nguyen stated that Plaintiffs' counsel had not provided any valid basis to extend the time for Ms. Stovall's deposition where counsel had already deposed Ms. Stovall multiple times and had ample opportunity to question Ms. Stovall regarding the issues presented in this case.

Based on the foregoing, counsel for the parties hereby certify that despite a sincere effort to resolve this dispute, the parties were unable to do so without court intervention.

### III.    POSITION TAKEN BY EACH SIDE

#### A.    Plaintiffs' Position

"By order, the court may alter the limits in these rules … on the length of depositions under Rule 30." FRCP 26(b)(2). Rule 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours," but "the court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

The Advisory Committee Notes to FRCP 30 acknowledge that Rule 30(d)(1) imposes only a "**presumptive** durational limitation of one day of seven hours for any deposition" and explain:

> Parties considering extending the time for a deposition—and courts asked to order an extension—might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time.

/ / /

*See* FRCP 30(d)(2), Adv. Comm. Notes, 2000 Amend (**emphasis added**). The party seeking a court order to extend the examination is expected to show good cause to justify such an order. *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 433-34 (D. Nev. 2023) (quoting *Johnson v. Couturier*, 261 F.R.D. 188, 190 (E.D. Cal. 2009)); see also Fed. R. Civ. P. 30(d)(1). Sufficient justification may exist in light of disclosure of previously unknown information. *PlayUp*, 344, F.R.D. at 434 *(citing Botell v. United States*, No. 2:11-cv-1545 GEB GGH, 2013 WL 360410, at *8 (E.D. Cal. Jan. 29, 2013) (collecting cases)).

Here, good cause exists to justify extending Stovall's deposition by three hours for at least the following reasons.

First, during the approximately three (3) hours and forty-three (43) minutes Plaintiffs had to depose Stovall during her first deposition on August 21, 2023, which she unilaterally suspended early, Stovall repeatedly failed to respond to counsel's questions. For example:

Q   Have you ever seen Exhibit 68 before, Ms. Stovall?

A   [No audible response.]

Q   Ms. Stovall, have you ever seen Exhibit 68 before?

A   [No audible response.]

Q   Ms. Stovall, have you ever seen Exhibit 68 before?

A   [No audible response.]

Q   Ms. Stovall, have you ever seen Exhibit 68 before?

A   Yes.

Stovall provided "no audible response" to questions posed by counsel approximately fifty-four (54) times that day. In total, counsel was forced, in approximately thirty-two (32) different instances, to repeat questions two, three, four, and even five times just to solicit a response from Stovall to his initial inquiries. This exercise needlessly prolonged the deposition, much like the use of an interpreter would as referenced in FRCP's Committee Notes on Rules.

Second, Stovall contradicted her prior testimony several times during the second session of her deposition, which took place on the April 17, 2025, calling into question the accuracy and veracity of her sworn testimony. For example, on August 21, 2023, Stovall testified that the

signature on an exhibit marked as "65" was not hers. On April 17, 2025, Stovall testified that the signature on exhibit marked "65" was hers. By the end of her April 17, 2025 deposition, Stovall contradicted her prior testimony at least eleven (11) times. This is akin to disclosure of previously unknown information, i.e., that she did indeed sign the documents in question.

Third, the events underlying this dispute, which relates to complex loan agreements spanning decades and accounting for millions of dollars, span over twenty years and were memorialized over thousands of documents and correspondences.

Therefore, good cause to allow additional time to fairly examine Stovall exists.

### B. Ms. Stovall's Position

There is no basis to extend Ms. Stovall's deposition beyond the seven (7) hour limit imposed by Federal Rule of Civil Procedure 30(d)(1) ("Rule 30"). Federal Rule of Civil Procedure 26(b)(2)(C) states that the court must limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b). Here, there is no basis to extend Ms. Stovall's deposition.

First, forcing Ms. Stovall to sit for another deposition would be extremely burdensome. Ms. Stovall is eighty-four (84) years old and suffers from multiple serious health conditions including chronic obstructive pulmonary disease, coronary artery disease, chronic kidney disease, seizure disorder, chronic arthritis, anxiety, and depression. Further, as evidenced by a note from her doctor, Ms. Stovall's health has recently declined precipitously. (ECF No. 164-1) Thus, it would be extremely burdensome to force Ms. Stovall to sit for another three (3) hours of deposition. Plaintiffs recognize Ms. Stovall's frail condition by admitting that she had some difficultly answering questions in the first session of her deposition in this case. This is precisely why her deposition had to be taken over a two-day period. Further, it is important to emphasize that Ms. Stovall is a victim of several crimes at the hands of Mr. Alderson. Specifically, Mr. Alderson has been charged with multiple felonies pursuant to the Felony Complaint that was filed against him by the Nevada County District Attorney's Office on March 25, 2024. (ECF No. 121) Ms. Stovall needs to be protected,

1  not further exploited by Mr. Alderson.

2  Second, Plaintiffs had ample opportunity to obtain Ms. Stovall's deposition testimony. Plaintiffs neglect to inform this Court that they have already deposed Ms. Stovall on three (3) separate occasions. Specifically, Plaintiffs have deposed Ms. Stovall twice in this matter on August 21, 2023 and April 17, 2025, and a third time on August 14, 2024 in a related matter filed in the Superior Court of California, County of Nevada. During these three (3) depositions, Plaintiffs questioned Ms. Stovall about all the transaction at issue in this case. There is simply nothing new for Plaintiffs to ask Ms. Stovall. In fact, Plaintiffs fail to detail what information they need from Ms. Stovall that they did not obtain in the three (3) prior sessions.

Third, there cannot be any new areas of inquiry. This is a case involving sophisticated business transactions that Ms. Stovall did not handle or bear responsibility. Rather, it was Mr. Alderson, her trusted financial advisor, who drafted and was responsible for the fraudulent transactions at issue in this case whereby Ms. Stovall was stripped of all of her assets. Thus, it is Mr. Alderson who has all the facts, documents and information regarding the transactions at issue, not Ms. Stovall. Notably, Plaintiffs' request for more deposition time is particularly galling where Ms. Stovall had made a prior request for more deposition time for Mr. Alderson, given that he, not Ms. Stovall, orchestrated all of the fraudulent transactions at issue in this case. Plaintiffs rejected Ms. Stovall's request for more time.

Finally, Plaintiffs' counsel wasted time during the prior sessions of Ms. Stovall's deposition by asking entirely irrelevant and harassing questions about her personal life. For example, counsel questioned Ms. Stovall about sexual harassment in a case that has no sexual harassment claims.

> "Q: Okay. This sentence, "Minta thinking of charging you for sexual harassment conduct." It appears at the beginning of Exhibit 45. Do you see that on the first page of Exhibit 45?
>
> MS. HUMPHREY: He's referring to this first sentence.
>
> THE WITNESS: Yes.
>
> BY MR. ELDER: Q: Do you see that first sentence that I read to say, "Minta thinking of charging you for sexual harassment conduct"? Do you see that?

1  Given that Plaintiffs wasted time during the prior sessions of Ms. Stovall's deposition, no
2  additional time should be granted.

3  For these reasons, Plaintiffs' request must be denied.

4  **IV.    PROPOSAL OF COMPROMISE BY EACH SIDE**

5  **A.    Plaintiffs' Proposal**

6  Good cause to extend the time to depose Stovall exists. Plaintiffs seek only three additional
7  hours to depose Stovall. Plaintiffs agree to complete these three additional hours at a time and
8  place convenient to Stovall. Therefore, Stovall should agree to appear for three additional hours of
9  deposition.

10 Plaintiffs appreciate that, in light of their pending Anti-SLAPP Special Motion to Dismiss
11 Defendant and Counterclaimant Susanna I. Pettis' Counterclaim pursuant to Nevada Revised
12 Statute 41.660 (ECF No. 196), discovery in this matter is stayed pursuant to NRS § 41.660(3)(e).
13 Plaintiffs acknowledge that Stovall has moved to compel them to appear for the remaining hour of
14 their deposition despite the statutorily imposed discovery stay and may also seek an additional
15 hour of deposition time. ECF No. 206. Plaintiffs therefore propose that the August 1, 2025,
16 discovery deadline be continued to October 31, 2025. This extension will allow the Court to rule
17 on Plaintiffs' Anti-SLAPP Motion – thereby lifting the discovery stay, which would permit
18 Plaintiffs to conduct the three additional hours of Stovall's deposition and Stovall to conduct the
19 remaining one hour of Plaintiffs' deposition. This extension will also allow Stovall to seek the one
20 hour additional deposition time that she referenced in the July 16, 2025, Stipulation Regarding
21 Discovery Dispute.

22 **B.    Ms. Stovall's Proposal**

23 Based on the reasons detailed above, there is no basis for Plaintiffs to be granted
24 additional time to depose Ms. Stovall.  However, if the Court is inclined to grant any additional time
25 (which it should not), then Ms. Stovall should also be granted an equal amount of time to further
26 depose Mr. Alderson.

27 It is important to note that discovery is not stayed in this case, as Plaintiffs suggest, and they
28 have had three (3) years to complete discovery.  As Plaintiffs know, Ms. Stovall's position is that

discovery is not stayed with respect to the claims alleged between Plaintiffs and Ms. Stovall (as detailed in the joint Stipulation Regarding Discovery Dispute filed by Ms. Stovall (ECF No. 206)). Plaintiffs have provided no legitimate reason to extend the percipient discovery deadline for an additional ninety (90) days, other than to take a repetitive and harassing three (3) hour deposition that serves no purpose but to delay this case and avoid the inevitable trial. Plaintiffs have been granted three (3) prior requests to modify the scheduling order in this case, extending the discovery deadline by almost **two (2) years**. This case has been pending for nearly three (3) years. Given her age and declining health, Ms. Stovall simply cannot afford any further delays, and she must proceed to trial before she dies. Therefore, Ms. Stovall cannot agree to any further extension of the percipient discovery deadline.

However, Ms. Stovall will agree to accommodate Plaintiffs by extending the deadline to complete expert discovery by thirty (30) days to September 1, 2025.

Dated: July 25, 2025                                LUBIN OLSON & NIEWIADOMSKI LLP


By:    //s// Hillary S. Lehmann
       Hillary A. Lehmann *(Pro Hac Vice)*
       Attorneys for Plaintiffs and Counter-Defendants
       MMSP, LLC and GERALD R. ALDERSON

| | | |
|---|---|---|
| 1 | Dated: July 25, 2025 | RANDALL COFFEE & HUMPHREY LLP |

By     //s// Thuy Nguyen
JANET E. HUMPHREY (admitted pro hac vice)
California Bar No. 149031
WILLIAM D. COFFEE (admitted pro hac vice)
California Bar No. 143653
THUY NGUYEN (admitted pro hac vice)
California Bar No. 327586
3200 Park Center Drive, Suite 950
Costa Mesa, California 92626
Attorneys for Defendants and Counter Claimants
MINTA MAE MS. STOVALL, an individual and
MINTA MAE MS. STOVALL Trustee of the
Minta Mae Ms. Stovall Revocable Living Trust

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2025, a true and correct copy of STIPULATION REGARDING DISCOVERY DISPUTE was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By /s/ Tracy Wilson
Tracy Wilson, an Employee of
LUBIN OLSON & NIEWIADOMSKI LLP