**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MMSP LLC, a Nevada Limited Liability Company, and GERALD R. ALDERSON, an individual,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>MINTA MAE STOVALL, an individual; MINTA MAE STOVALL, Trustee of the Minta Mae Stovall Revocable Living Trust; and SUSANNA I. PETTIS, an individual,<br><br>　　　　　　　　　Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS | Case No.: 2:22-cv-01218-GMN-MDC<br><br>**ORDER ON DISCOVERY DISPUTE STIPULATIONS Nos. 206 & 208** |

The Court has reviewed the *Stipulations Regarding Discovery Disputes* at ECF Nos. 206 and 208 filed by filed by defendants and counter-claimants Minta Mae Stovall as an individual and Trustee of the Minta Mae Stovall Revocable Living Trust, (collectively "Stovall") and plaintiffs and counter-defendants MMSP, LLC and Gerald R. Alderson (collectively "Plaintiffs"). The Court resolves the parties' disputes as discussed below.

**I.　Introduction**

MMSP, LLC provided certain financial and administrative services to Stovall and her trust. *See generally First Amended Complaint ("FAC"), ECF No. 109*. MMSP, LLC alleges that Stovall breached the parties' consulting related agreements. *Id*. MMSP, LLC also asserted a claim for conversion against Stovall and her daughter, Susanna L. Pettis ("Pettis"), related to certain loan proceeds, and a claim for equitable identity against Pettis related to certain distributions requested by Pettis which were allegedly not authorized by Stovall. *Id.* Stovall counterclaims against MMSP, LLC and Gerald R. Alderson, her financial planner at MMSP, for elder abuse, breach of fiduciary duty, conversion, and fraud. *See generally*

*Answer and Counterclaim, ECF No. 116*. Pettis also asserts a single counterclaim against Plaintiffs for abuse of process based on (1) Plaintiffs filing claims against Pettis and (2) on a meet and confer effort between counsel to set Pettis' deposition. *See generally Pettis Amended Answer and Counterclaim at ECF No. 191 and Plaintiffs' Special Motion to Dismiss at ECF No., 196.*

Plaintiffs' *Special Motion to Dismiss* (ECF No. 196) is directed only at Pettis' counterclaims and it narrowly based on Nevada's anti-SLAPP statute at NRS 41.660 *et seq*. "SLAPP" is an acronym for a strategic lawsuit against public participation, which "is a meritless lawsuit that a plaintiff initiates to chill a defendant's freedom of speech and right to petition under the First Amendment." *Walker v. Intelli-Heart Servs.*, Case No. 3:18-cv-00132-MMD-CBC, 2020 WL 1044010, at *3 (D. Nev. Mar. 4, 2020) (quotation omitted).

In Discovery Stipulation at ECF No. 206, defendant Stovall seeks to compel the conclusion of plaintiff Gerald R. Alderson's[1] deposition by August 1, 2025. The parties agree that Stovall has one (1) hour of deposition time remaining. However, plaintiffs argues that Stovall cannot resume her deposition of Alderson because all discovery is automatically stayed by operation of NRS 41.660.

In Discovery Stipulation at ECF No. 208, plaintiffs request to reopen their deposition of Minta Mae Stovall and be allowed to depose her for an additional three (3) hours beyond the seven-hour limit imposed by FRCP 30(d)(1).

**II.     Discovery Stipulation No. 206**

The Court finds that Stovall is entitled to complete her deposition of plaintiff Alderson. However, her request to do so by August 1, 2025, is not reasonable.

The Court disagrees with plaintiffs that all discovery is stayed and that Stovall is precluded from concluding her deposition of Alderson. It is undisputed that plaintiffs' *Special Motion to Dismiss* (ECF

---

[1] The stipulation summarizes the matter as whether Stovall may complete "the final hour of Plaintiffs' deposition." *ECF No. 206 at 2:16-19*. However, at page 3 of the stipulation, the parties seem to clarify that the deponent at issue is plaintiff Gerald R. Alderson. *Id.*

No. 196) is directed only at Pettis' counterclaims and it narrowly based on NRS 41.660 *et seq*. The motion neither concerns nor impacts the claims and counterclaims between Stovall and plaintiffs. *See generally ECF No. 206*. Therefore, Stovall's conclusion of Alderson's deposition is not stayed under NRS 41.660. This Court has previously determined that "the discovery stay provision in Nevada's anti-SLAPP law (N.R.S. 41.660(3)(e)) applies only to claims challenged in the underlying special motion to dismiss." *ProCare Hospice of Nevada, LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 178 (D. Nev. 2021). Therefore, Stovall may proceed with concluding her deposition of Alderson, with the agreed one (1) hour deposition time remaining.

Stovall's position, however, is that Alderson should appear to conclude his deposition before August 1, 2025. *See ECF No. 206 at 8*. This is an untenable and unreasonable position. This dispute arose over three months ago, after plaintiffs filed their *Special Motion to Dismiss* (ECF No. 196) on April 29, 2025, and the parties first conferred on May 1, 2025 (ECF No. 206 at 3). The parties, however, did not confer again until June 4, 2025 (ECF No. 206 at 4). While Stovall filed a Motion to Compel (ECF No. 201) on June 18, 2025, then withdrew the motion and filed the Discovery Stipulation (ECF No. 206) on July 16, 2025, to comply with the Court's Standing Order (which the Court appreciates), this give the Court and the parties only 10 business days to resolve the dispute and schedule Alderson's deposition. With this Court's active case load, that timing is unreasonable and untenable, as is expecting counsel and deponent to schedule a deposition during such compressed period. More importantly, Stovall does not provide any good cause or prejudice why an August 1, 2025, deadline to resume Alderson's deposition is necessary, or to support her inflexibility to extend the deadline to complete that deposition or fact discovery.

Therefore, Stovall's request to resume Alderson's is **GRANTED** in part in that she may resume her deposition but is **DENIED** in part in that Alderson's deposition must be concluded by August 1, 2025. The Court also **DENIES** Stovall's proposal to only extend the expert discovery deadline. The initial expert discovery deadline passed on June 2, 2025, and rebuttal expert deadline passed July 2, 2025 (*see*

*ECF Nos. 160 and 177*).   Stovall failed to establish good cause and excusable neglect to support her request.  *See LR IA 6-1 and LR 26-3.* The Court also **DENIES** plaintiff's proposal to extend discovery deadline to October 31, 2025, on the grounds that discovery is stayed per NRS 41.660(3)(e)

Instead, the Court orders the parties to meet and confer to schedule the conclusion of Alderson's deposition, which shall be completed by September 5, 2025.

**III.    Discovery Stipulation No. 208**

The Court DENIES plaintiffs' request to depose Minta Mae Stovall an additional three hours. Plaintiffs' three grounds supporting their request fail to establish good cause.  First, plaintiffs seeks an additional three hours because they claim Stovall failed to provide audible responses approximately 54 times during her August 21, 2023.  *See ECF No. 208 at 4.*  Plaintiffs, however, fail to show what efforts they made to obtain audible responses during that August 21, 2023, deposition or the subsequent April 17, 2025, deposition; or why they apparently allowed such inaudible responses to stand during the depositions. There is also nothing on the record (*such as cited deposition excerpt or transcript exhibit*) that shows plaintiffs requested, or reserved their intention to request, to extend Stovall's deposition due to inaudible responses before concluding Stovall's April 17, 2025, deposition.  "Courts must not permit a second deposition when the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 435 (D. Nev. 2023)(internal quotations omitted)(*quoting Fed. R. Civ. P. 26(b)(2)(C)(ii)*).

Plaintiffs' second ground is that Stovall allegedly contradicted her August 21, 2023, testimony at least 11 times during her April 17, 2025, deposition. *See ECF No. 208 at 5.*  Plaintiffs argue this is akin to new information coming to light that needs further questioning, per *PlayUp, Inc.*  The Court disagrees. Plaintiffs fail to show what new information came to light because of Stovall's contradictions.  The only example plaintiffs provide is that during her August 21, 2023, deposition Stovall testified that the signature

4

on "exhibit 65 was not hers", but during her April 17, 2025, deposition she testified the signature on the same exhibit was hers. *See ECF No. 208 at 5*. Again, plaintiffs fail to show what efforts they made to clarify Stovall's allegedly contradicting testimony during her April 17, 2025, deposition, or why they were unable to do so. Moreover, plaintiffs do not articulate how another deposition will clarify Stovall's testimony. In sum, this Court agrees that "inconsistent or contradictory testimony is not enough to justify re-opening a deposition." *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CV-12-0399-TUC-CKJ, 2014 WL 4722492, at *4 (D. Ariz. Sept. 23, 2014).

As their third and final ground, plaintiffs argue they need to reopen Stovall's deposition because this is a complicated matter, regarding complex loan agreements, and spanning several years. *See ECF No. 208 at 5*. Plaintiffs' argument is generalized and conclusory. Plaintiffs fail to show why their prior two depositions of Stovall – conducted several years apart – were not sufficient, or what additional information needs to be explored and why such exploration could not be accomplished during Stovall's two depositions. Again, plaintiffs also fail to show they requested, or reserved their intention to request, to extend Stovall's deposition due to the complexities of the case before concluding Stovall's April 17, 2025, deposition.

In sum, based on the parties' arguments, the Court finds that plaintiffs had ample opportunity to depose Stovall on the complexities of the case, to request audible responses, and to clarify seeming contradictions. Therefore, plaintiffs' request to reopen Stovall's deposition is DENIED. *See PlayUp, Inc.* 344 F.R.D. at 435; *Fed. R. Civ. P. 26(b)(2)(C)(ii)*).

### III.    CONCLUSION and ORDER

For the foregoing reasons, **IT IS ORDERED** that:

1)    Discovery Stipulation at ECF No. 206, is **GRANTED** in part and **DENIED** in part as follows:

5

a. Stovall's request to resume Alderson's is **GRANTED** in part in that she may resume her deposition but is **DENIED** in part in that Alderson's deposition must be concluded by August 1, 2025.

b. Stovall's proposal to only extend the expert discovery deadline is **DENIED**.

c. Plaintiffs' proposal to extend discovery deadline to October 31, 2025, on the grounds that discovery is stayed per NRS 41.660(3)(e) is **DENIED.**

2). The parties shall meet and confer to schedule the conclusion of Alderson's deposition, which shall be completed by **September 5, 2025**.

3). Discovery Stipulation at ECF No. 208 is **DENIED**, as follows:

a. Plaintiffs' request to reopen Stovall's deposition for an additional three (3) hours is **DENIED**.

b. Plaintiffs' restated proposal to extend discovery to October 31, 2025, is **DENIED**.

c. Stovall's restated proposal to only extend the expert discovery deadline is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 5, 2025.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge