UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MMSP, LLC, *et al.*,

            Plaintiffs,

vs.

MINTA MAE STOVALL, *et al.*,

            Defendants.

Case No.: 2:22-cv-01218-GMN-MDC

**ORDER DENYING MOTION TO DISMISS**

      Pending before the Court is the Motion to Dismiss, (ECF No. 143), filed by Defendant Susanna Pettis. Plaintiffs MMSP, LLC and Gerald Alderson filed a Response, (ECF No. 146), to which Pettis replied, (ECF No. 148). For the reasons discussed below, the Court DENIES Pettis's Motion to Dismiss.

**I.    BACKGROUND**

      On July 29, 2022, MMSP filed its original Complaint alleging claims for breach of contract and account stated against Stovall. (Compl., ECF No. 1). The Court granted MMSP's Motion for Leave to Amend the Pleading, Add Parties, and File a First Amended Complaint. On May 16, 2024, MMSP and newly named Plaintiff Gerald Alderson, filed their First Amended Complaint ("FAC") asserting claims for breach of contract and account stated against Stovall, conversion against Stovall and newly named Defendant Pettis (Stovall's daughter), and equitable indemnity against Pettis. (FAC, ECF No. 109). On October 8, 2024, Plaintiffs filed a Proof of Service of the Summons and FAC for Pettis ("Proof of Service"). (*See* Proof of Service, Ex. D to Resp., ECF No. 146-1). The Affidavit of Due Diligence attached to the Proof of Service states that six unsuccessful attempts to serve Pettis were made from July 10, 2024, to July 16, 2024, at the following address: 91 Woodland Ave., San Francisco, California 94117 ("Woodland Ave. address"). (*See generally* Aff. Due Diligence, Ex. 1-D to Resp., ECF No.

146-1). The Proof of Service also states that "substituted service" was effectuated on Pettis on October 2, 2024, when copies of the Summons and FAC were left with a "John Doe" at the Woodland Ave. address and subsequently mailed to the same address. (*Id.*). Pursuant to the Proof of Service, Plaintiffs claim that the Woodland Ave. address is Pettis's "dwelling house, usual place of abode, or usual place of business." (*Proof of Service* at 1, Ex. 1-D to Resp.). Pettis now moves to dismiss the FAC arguing that Plaintiffs failed to serve her, and if they did serve her, it was untimely.

## II. LEGAL STANDARD

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). The plaintiff has the burden of demonstrating that service of process was valid. *See R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996). If service of process is insufficient, the court has discretion to dismiss an action or to simply quash service. *See* Fed. R. Civ. P. 4(m); *SHJ v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Filanto Spa*, 920 F. Supp. at 1102. Actual notice of a lawsuit will not subject a defendant to personal jurisdiction "if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quotation omitted).

## III. DISCUSSION

Pettis seeks dismissal on the following grounds: (1) Plaintiffs have failed to effectuate proper service of the Summons and FAC on Pettis as required by Rule 4(e), therefore Plaintiffs' sole claim for Equitable Indemnity against Pettis must be dismissed pursuant to Rule 12(b)(5); and (2) Plaintiffs have failed to timely serve Pettis within 90 days of the filing of the FAC as

required by Rule 4(m). (Mot. to Dismiss 4:14–18). The Court will first address the allegations of ineffective service of process.

**A. Service of Process**

Pettis argues that she was improperly served. FRCP 4(e) provides the methods by which proper service on a party may be effectuated. Fed. R. Civ. P. 4(e). It provides that an individual may be served by "leaving a copy of [the summons and complaint] at [an] individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). In addition, an individual may be served pursuant to Nevada state law or California state law. Fed. R. Civ. P. 4(e)(1) (stating an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). Nevada Rules of Civil Procedure provide that service on an individual may be made "by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served." Nev. R. Civ. P. 4.2(a)(2). California Code of Civil Procedure provides, as relevant here, that "a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode. . . or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box. . . ." Cal. Civ. Proc. Code § 415.20(b).

Whether a particular residence counts as a party's place of usual abode is 'highly fact-specific." *See, e.g.*, *craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 515 (N.D. Cal. 2011) (collecting cases). It is clear, however, that a person may "have more than one dwelling house or usual place of abode for purposes of [Rule 4(e)]." *Stars' Desert Inn Hotel & Country Club, Inc. v.*

1 *Hwang*, 105 F.3d 521, 524 (9th Cir.1997) (citing *Nat'l Dev. Co. v. Triad Holding Corp.*, 930
2 F.2d 253, 257 (2d Cir.1991)).  Furthermore, an individual who has repeatedly represented to
3 either the plaintiff or to outside parties that one residence is her place of usual abode may be
4 estopped from later contesting that said residence was the proper location for service of
5 process. *See craigslist, Inc.,* 278 F.R.D. at 515 (citing *Jaffe and Asher v. Van Brunt*, 158 F.R.D.
6 278, 280 (S.D.N.Y. 1994)).

7      Here, Pettis testifies that she was not served by substitute service because she does not
8 reside at the Woodland Ave. address, nor has she lived there for at least two years. (Pettis Decl.
9 ¶ 3, Ex. 1 to Mot. Dismiss, ECF No. 143-1).  But Plaintiffs put forth evidence to establish that
10 Pettis's usual place of abode, or at least one of her places of abode, at time of service was the
11 Woodland Ave. address.  Plaintiffs' counsel Hillary Lehman testifies that a public records
12 search reveals that as of September 30, 2024, the Woodland Ave. address is the last known
13 address for Pettis. (Lehmann Decl. ¶ 6, Ex. 1 to Resp., ECF No. 146-1); (*see* Public Record
14 Results, Ex. 1-E to Resp., ECF No. 146-1).  Lehman also testifies that the public records search
15 showed that Pettis's bank account records indicate that Pettis used the Woodland Ave. address
16 as recently as June 2024, and that credit reporting agencies reported this address for Pettis
17 through September 1, 2024. (Lehmann Decl. ¶ 6, Ex. 1 to Resp.); (*see* Public Record Results,
18 Ex. 2-E to Resp.).  In addition, Alderson testifies that Pettis uses the Woodland Ave. address to
19 receive mail and other deliveries. (Alderson Decl. ¶ 5, Ex. 2 to Resp.).  He further states that he
20 physically delivered items to Pettis at the Woodland Ave. address. (*Id.*).  He also testifies that at
21 Pettis's direction, he has mailed correspondence to Pettis at the Woodland Ave. address and
22 attended in person meetings with Pettis at the address. (*Id.*).  Based on the foregoing evidence
23 and notwithstanding the timeliness argument addressed below, the Court finds that Pettis was
24 served through substitute service at one of her usual places or abode or at a usual mailing
25 address because her financial records are associated with the Woodland Ave. address and she

received mail at the address. *craigslist, Inc.*, 278 F.R.D. at 516 ("The receipt of mail at a given address. . . and the use of an address on financial records have all been found to provide indicia of permanence in determining whether an address constitutes a place of usual abode."). Accordingly, Plaintiffs have complied with Rule 4 (permitting subservice at usual place of abode), Nevada Rule of Civil Procedure 4.2(a)(2) (permitting subservice at usual place of abode), and California Code of Civil Procedure 415.20(b) (permitting subservice at usual place of abode or usual mailing address and requiring subsequent mailing).

### B. Timing of Service

Next Pettis argues that the FAC must be dismissed because Plaintiffs failed to effectuate timely service. FRCP 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The FAC was filed on May 16, 2024, meaning that Plaintiffs were required to serve Pettis by August 16, 2024. As discussed above, Plaintiffs served Pettis through substitute service on October 2, 2024. Thus, service was untimely.

Because service was untimely the Court must determine whether Plaintiffs have shown good cause to allow the late service to be permissible. "The provisions of Rule 4 should be given a liberal and flexible construction." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Where service of process is insufficient, courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Courts need not dismiss for failure to serve process if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable

excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka*, 739 F.2d at 447.  Rule 4 provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

    First, Pettis clearly received notice of the lawsuit because she is represented by counsel in this matter, her counsel has entered an appearance on the docket, she is actively defending the lawsuit, and has asserted counterclaims.  Second, Pettis argues that she would be prejudiced because she would only have three months to complete discovery. (Reply 8:17–20, ECF No. 148).  This argument is moot because the discovery cut-off was extended giving Pettis an additional six months to complete discovery. (*See* Discovery Order, ECF No. 177).  The Court therefore finds that Pettis suffers no prejudice from the defect in service.  Third, Plaintiffs provide a justifiable excuse for why they failed to timely serve Pettis.  During the 90 days following the filing of the FAC, Plaintiffs attempted to personally serve Pettis ten times between the two locations that Plaintiffs believed she resides and began such effort 15 days after the FAC was filed. (Lehmann Decl. ¶¶ 2–3, Ex. 1 to Resp.).  Additionally, on July 30, 2024, Plaintiffs left a copy of the summons and FAC with a Notice and Acknowledgment of Receipt of Summons at the Woodland Ave. address, where the process server reported that someone whom they believed to be Pettis opened the door and informed the process server that Pettis was out of town. (*Id.* ¶ 4); (Aff. of Due Diligence, Ex. 1-D to Resp.).  All of these attempts indicate to the Court that Plaintiffs made a good faith effort to serve Pettis and had a justifiable excuse for why service could not be effectuated timely.  And lastly, Plaintiffs fail to explain in any detail why they would be severely prejudiced if the FAC was dismissed.

    Thus, the Court finds that dismissal for failure to properly serve process is not justified. Moreover, because three of the four *Borzeka* factors weigh in favor of finding that there is good cause, the Court allows the untimely service to be permissible.  Because Plaintiffs effectuated

substituted service on Pettis, albeit untimely, the Court *nunc pro tunc* grants Plaintiffs the additional time it took for them to effectuate service. The Court will not order Plaintiffs to re-serve Pettis. Pettis's Motion to Dismiss is DENIED and she remains a named Defendant in this case.

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Pettis's Motion to Dismiss, (ECF No. 143), is **DENIED**.

**DATED** this __9__ day of September, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court